THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CARMELA MALBERT PILLOT, Defendant and Appellant.

No. 15440.   Argued November 2, 1953.—Decided December 30, 1953.

*S. L. Lagarde Garcés* for appellant. *José Trías Monge, Attorney General,* and *Rafael L. Ydrach Yordán, Assistant Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The Judge of the former Municipal Court of Puerto Rico, Guayama Section,[1] issued on June 2, 1952 a search warrant directing any peace officer to search, during the hours of day or night, the home of Carmela Malbert, which is described therein, for clandestine rum on which the corresponding in-

---

[1] See Act No. 432 of May 15, 1950 (Sess. Laws, p. 1126) and Act No. 11 of July 24, 1952 (Spec. Sess. Laws, p; 30.).

ternal revenue stamps are not affixed. The police officers who executed the warrant found no clandestine liquor on the premises, but they did find material and equipment used in the manipulation of the *bolita*. Thereupon, the prosecuting attorney filed on the 7th day of the following July an information against Malbert for violation of the *Bolita* Act.[2] Defendant appeared for arraignment on the 16th day of the same month, admitted the information as read and requested a period of 20 days to answer. The former District Court of Puerto Rico, Guayama Section, granted her until August 4 for such purpose. At the prosecuting attorney's request, that court set aside on the same day—July 16—the information filed on July 7, ordered the filing of a fresh information and set the arraignment for August 4. The reason for that request was that the prosecuting attorney realized that the original information had not been presented in open court and wanted to cure the error. At the new hearing for arraignment at which defendant appeared without legal counsel, the court appointed an attorney, who again considered the information as read and pleaded not guilty on behalf of defendant. The next day, at the latter's request made through another attorney, the case was heard anew, the arraignment made the previous day was set aside and two motions were filed by defendant in open court, one of them praying the court to declare itself without jurisdiction on the ground that the information had been originally filed in chambers, and the other to suppress the evidence. After an ample discussion, the motions were dismissed as well as a motion for reconsideration of the orders of dismissal. After several incidents and other questions of law raised which we need not recite here, a new trial was had on the merits of the case.[2a] Upon examination of the evidence, the

---

[2] Act No. 220 of May 15, 1948, p. 738.

[2a] The trial was first held on September 8, 1952 and defendant found guilty. Five days later and before judgment was rendered, a motion for new trial was presented and granted.

court found defendant guilty and sentenced her to six months in jail.

The seven errors assigned by defendant on appeal may be reduced to two, to wit: (1) that the trial court erred in allowing the prosecuting attorney to consider as a new information the same document which had been set aside and which was verified in chambers under date of July 7; and (2) in dismissing a motion to suppress evidence, since the affidavit on which the search warrant was issued, as well as the warrant itself, made reference to clandestine rum on which internal revenue stamps were not affixed. Therefore the warrant to seize *bolita* slips and material was void.

■ The information against appellant was originally filed in chambers and not in open court, as provided in § 3 of the Code of Criminal Procedure.[3] However, the action of the court in allowing the prosecuting attorney to withdraw the information and file it anew in open court was legal. It was a defect of form which might prove fatal. When the attention of the court was called to it, the court had full discretion to act the way it did in furtherance of justice. *People v. Rodríguez and Quiñones*, 37 P.R.R. 397; *People v. Muñoz*, 57 P.R.R. 212; *Nogueras v. Municipal Judge*, 49 P.R.R. 836; *People v. De Jesús*, 34 P.R.R. 447. As stated in *People v. Rodríguez*, 44 P.R.R. 557, 561–562, after making reference to § 3, *supra*, "By its own terms, the provision directs that the information be filed in open court. ... When the information is read to the defendant, an act which is done in open court, the information necessarily has to be in open court. It was filed with the clerk, but it did not remain in his office. It came to a public session. If, at the time the information is read to him the defendant raises the question,

---

[3] Section 3 of the Code of Criminal Procedure provides in its pertinent part:

"Every offense of which the district court has original jurisdiction must be prosecuted by information filed by the prosecuting attorney, in open court, verified by his affidavit, ..."

his right should be immediately acknowledged. How? By considering the information as filed by the district attorney, then and there, in open court, and setting a day for the arraignment, when the accused may be granted the time necessary for him to plead to the information by setting up such defenses as he may deem pertinent to his right." This was precisely what happened in the case at bar. In acting in that fashion, the trial court prevented the aims of justice from being impaired.

██ Regarding the second assignment, perhaps it would be enough to say that, as stated in *People* v. *Rodríguez*, 73 P.R.R. 310, 312, ". . . the fact that the search warrant was issued in order to seize clandestine liquor in defendant's possession did not preclude the police, upon executing the warrant, from taking any other material in defendant's possession in violation of law," and we still maintain that opinion.[4] However, in view of the emphasis placed by defendant on the statement made by the Supreme Court of the United States in *Marron* v. *United States*, 275 U.S. 192, 72 L. Ed. 231, to the effect that:

"The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another, . . ."[5]

we deem it proper to examine the question anew.

---

[4] The Organic Act of Puerto Rico provided in § 2, paragraph 14: "That no warrant for arrest or search shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." That Organic Act was in force on the date on which the facts involved in the instant case took place.

[5] In *Marron* v. *United States*, 275 U. S. 192, 72 L. Ed. 231, a search warrant was issued to seize any intoxicating liquors found on the premises. Upon execution thereof, the agents seized the liquor as well as a ledger showing entries connected with the purchase and sale of such liquor, and innumerable accounts. Although it is true that the highest court expressed itself in the manner alleged by appellant, the quotation made by her is not a full statement of all that was said in the case, since, in

The foregoing is the general rule but, like any other rule, it has its exception. Such exception clearly appears in innumerable cases as follows: "Entry under and by authority of a search warrant is not, however, generally regarded as precluding a legal seizure of instruments of or articles connected with another offense being actually committted on the premises entered and discovered by the searching officer, ..."—169 A.L.R. 1424, citing *Marron v. United States, supra,* and other cases—or otherwise stated: "Where the search is made under the authority of a search warrant the description in the warrant of the articles to be searched for, according to the Federal Courts as well as other courts, limits the authority of the officer to seize things by virtue of the warrant, and prevents the seizure of things other than those described; but the discovery, by the search warrant officers, of the commission of another crime in their presence on the premises entered by the authority of the warrant, may render a seizure of the instruments or means of that newly discovered crime legal." 169 A.L.R. 1420. See also *Harris v. United States,* 331 U.S. 145; 79 C.J.S. 903, § 83(e). As stated by the learned Judge Hand in *United States v. Old Dominion Warehouse,* 10 F. 2d 736, 738:

"... We cannot suppose that, if an officer entered lawfully upon a warrant limited to certain described articles of this kind, he would not be justified in taking without warrant any others which he might chance upon in the premises. His seizures would not depend upon the warrant, but upon the fact that they were in their nature caput lupi; it would be as little an 'unreasonable seizure' as to take property from a person arrested."

addition to that statement, in dealing with the matter the Court stated the following: "...The officers were authorized to arrest for crime being committed in their presence... They had a right without a warrant contemporaneously to search the place in order to find and seize the things used to carry on the criminal enterprise... The authority of officers to search and seize the things by which the nuisance was being maintained, extended to all parts of the premises used for the unlawful purpose. ..."

The *bolita* material in defendant's possession was a new crime. The police officers were not inside the premises unlawfully—*People* v. *Barrios*, 72 P.R.R. 163—but, on the contrary, they were there to execute a legal order. Since the police officers executing the search warrant entered defendant's home by a search warrant issued pursuant to law, the seizure of such material was fully authorized.

The judgment appealed from will be affirmed.

Mr. Justice Negrón Fernández concurs in the result.

Mr. Justice Belaval dissented.